2013 UT App 253

# THE UTAH COURT OF APPEALS

AMERICAN FORK CITY,
Plaintiff and Appellee,

*v.*

BENJAMEN GEORGE PROCTOR,
Defendant and Appellant

Per Curiam Decision
No. 20130738-CA
Filed October 18, 2013

Fourth District Court, American Fork Department
The Honorable Thomas Low
No. 135102337

Benjamen George Proctor, Appellant Pro Se
James Hansen and Timothy G. Merrill, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, AND
CAROLYN B. MCHUGH.

PER CURIAM:

¶1    Benjamen George Proctor appeals his July 10, 2013 conviction for speeding. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶2    Proctor asserts that the district court erred by determining that he was guilty of speeding pursuant to Utah Code section 41-6a-601, and that the district court's decision did not conform to the evidence presented at trial. *See* Utah Code Ann. § 41-6a-601(1) (LexisNexis 2010) "We review challenges to findings of fact for clear error." *Henshaw v. Henshaw*, 2012 UT App 56, ¶ 10, 271 P.3d 837. "A trial court's factual determinations are clearly erroneous only if they are in conflict with the clear weight of the evidence, or

if this court has a definite and firm conviction that a mistake has been made." *Kimball v. Kimball*, 2009 UT App 233, ¶ 14, 217 P.3d 733. "Generally, we review a trial court's legal conclusions for correctness, according the trial court no particular deference." *Orton v. Carter*, 970 P.2d 1254, 1256 (Utah 1998).

¶3 Utah Code section 41-6a-601(1) provides that a person may not operate a vehicle at a speed greater than is reasonable and prudent under the existing conditions, giving regard to the actual and potential hazards then existing. *See* Utah Code Ann. § 41-6a-601(1). Except as provided in section 41-6a-604, any speed in excess of the posted limits provided in section 41-6a-604, or established by the Department of Transportation or counties, and municipalities is prima facie evidence that a speed is not reasonable and prudent and that it is unlawful. *See id.* § 41-6a-601(3).

¶4 Proctor does not dispute that his speed exceeded the posted speed limit. Thus, there was prima facie evidence that his speed was not reasonable or prudent and that it was unlawful under section 41-6a-601(3). *See id.* Proctor attempted to rebut the prima facie evidence that his speed was unlawful by arguing that his speed was reasonable and prudent given the existing road conditions. *See id.* § 41-6a-601(1). In doing so, Proctor questioned the police officer about whether there were any actual or potential hazards where he was stopped. The record indicates that the police officer testified that although there was not heavy traffic, "[t]here were a lot of cars on the road at that time." The officer also testified that Proctor was driving "significantly faster than the vehicles around him."

¶5 The district court determined that there was prima facie evidence that Proctor's speed was unlawful. The district court also determined that, given the urban environment, Proctor failed to rebut the presumption that he was speeding. The record supports the district court's determination that Proctor's speed was not reasonable and prudent under section 41-6a-601(1), given the potential hazards associated with the traffic in the urban setting.

¶6    Affirmed.

––––––––––